<hr/>

(51 Misc. Rep. 617.)

### HASHAGEN v. SCHAFER et al.

(Supreme Court, Appellate Term. November 14, 1906.)

1. NEGLIGENCE—COMPLIANCE WITH BUILDING REGULATIONS—INSTRUCTIONS—QUESTIONS FOR JURY.

Under Labor Law, Laws 1897, p. 468, c. 415, § 20, providing that, where double floors are to be laid, all "contractors for carpenter work" shall lay the underflooring on each story to not less than two stories below the one to which the building has been erected, and, where double floors are not to be used, shall keep plank over the floors two stories below the story where the work is being performed, an instruction, in an action for injuries, that the owner was liable, if she had a superintendent on the job to put a certain floor in the building or to cover a certain floor, was improper, where there was no carpenter contractor, as it was for the jury whether the owner was negligent, and whether, if she was, her negligence was a proximate cause of the accident.

2. SAME—EVIDENCE OF NEGLIGENCE.

In such case, if the owner had no carpenter contractor, whose duty it was to comply with the statute, such circumstance might be admissible on the question of her negligence.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Walter F. Hashagen against Mary Schafer, impleaded with others. From a judgment for plaintiff, defendant Mary Schafer appeals. Reversed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Frank Verner Johnson, for appellant.

Walter J. Rosenstein, for respondent.

PER CURIAM. Near the close of the case the learned trial justice charged, in substance, that the owner (defendant appellant) was liable if she had a superintendent on the job to put a certain floor in the building or to cover a certain floor, and to this defendant duly excepted. Section 20 of the labor law (Laws 1897, p. 468, c. 415), so

far as it is necessary to refer to it, provides that, where double floors are to be laid, all contractors for carpenter work "shall lay the under-flooring * * * on each story * * * to not less than two stories below the one to which such building has been erected," and, where double floors are not to be used, "shall keep plank over the floors two stories below the story where the work is being performed." The defendant was not the contractor for carpenter work, and so not within the purview of the statute. Whether defendant appellant was negligent in having things as they were, and whether, if she was negligent, her negligence was a proximate cause of the accident, were questions for the jury. Probably, if she had no carpenter contractor whose duty it was to comply with the provisions of section 20 of the labor law, that circumstance would be evidence admissible upon the question of her own negligence.

The exception is valid, and the judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event.

