HAMMERSCHICK, Respondent, v. STONE VALLEY DISTILLING CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 10, 1907.) Action by Wenzl Hammerschick against the Stone Valley Distilling Company. No opinion. Motion to dismiss appeal denied, without costs.

HANLON, Respondent, v. COOKE et al., Appellants. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by John A. Hanlon against George J. Cooke and another. No opinion. Judgment of the Municipal Court unanimously affirmed, with costs.

HANLON, Respondent, v. METROPOLITAN PRINTING CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by John A. Hanlon against the Metropolitan Printing Company. No opinion. Judgment of the Municipal Court unanimously affirmed, with costs.

HANNA, Respondent, v. THOMPSON, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by John W. Hanna against John C. Thompson. No opinion. Appeal dismissed on argument, without costs.

HANNA, Respondent, v. THOMPSON, Appellant. (Supreme Court, Appellate Division, Second Department. May 10, 1907.) Action by John W. Hanna, doing business as Hanna & Co. against John C. Thompson. No opinion. Motion for reargument of the motion to dismiss appeal denied, with costs.

HARKOW, Respondent, v. NEW YORK CITY RY. CO., Appellant (eight cases). (Supreme Court, Appellate Division, Second Department. May 10, 1907.) Actions by Joseph H. Harkow against the New York City Railway Company.

PER CURIAM. Motions to dismiss appeal granted, with costs, unless the appellant pay the respondent $10 costs in five days and place the case upon the next calendar of this court for argument. On compliance with these conditions, motion to dismiss appeal is denied, without costs.

(54 Misc. 236)

HASHAGEN v. SCHAFER et al. (Supreme Court, Appellate Term. May 16, 1907.) Appeal from Municipal Court, Borough of Bronx, Second District. Action by Walter F. Hashagen against Mary Schafer, impleaded with Simon Schafer and Olaf Valley. From a judgment for plaintiff, Mary Schafer appeals. Reversed and new trial ordered. Frank V. Johnson (Allan E. Brosmith, of counsel), for appellant. Walter J. Rosenstein, for respondent.

BRADY, J. This action was brought by the plaintiff against Mary Schafer, Simon Schafer, and Olaf Valley to recover for personal injuries received by plaintiff in being struck by a failing brick in a building owned by the defendant Mary Schafer, and in the construction of which the defendant Simon Schafer was alleged to be the superintendent of Mary Schafer. The defendant Valley was alleged to have been employed by the owner to perform the carpenter work. On the former trial the liability of the defendant Mary Schafer was urged upon the theory that she was guilty of an infraction of section 20 of the labor law (Laws 1897, p. 468, c. 415), and the jury awarded a verdict against her of $500. Upon appeal to this court the judgment was reversed. 51 Misc. Rep. 617, 101 N. Y. Supp. 11. On the recent retrial of the case the testimony on the former trial was, by stipulation, inserted in the record, and in addition the defendant Mary Schafer put in evidence a contract on the part of the defendant Valley to do the carpenter work. The justice gave judgment for the plaintiff for the sum of $500 and costs, and the defendant Mary Schafer appeals to this court. There is no evidence in the case to establish liability on the part of defendant Mary Schafer. The plaintiff was a workman in the employ of a contractor for the plumbing work, and while engaged in work upon the building was struck by a brick, which fell from above, and was injured. There is no evidence of where the brick fell from, or what or who caused it to fall; nor is the appellant connected in any manner, either through her superintendent or servants, with the situation as it existed at the time of the accident. So far as the husband of the defendant may have been the superintendent, it is clearly evident that his powers obtained to the extent only of passing upon the sufficiency of the work, when done, and not as to the right to interfere with or direct the manner of its performance. So far as appears from the evidence there was no violation by the appellant of any duty, expressed or implied, owing to the plaintiff. The only fact apparent is that the plaintiff was injured by a falling brick on the premises of the appellant; but the record fails to show any circumstances or facts upon which the appellant could be held liable. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, J., concurs.

SEABURY, J. (concurring). The evidence showed that Valley was employed to do the carpenter work upon the building. Under these circumstances section 20 of the labor law was not applicable to the owner, and the defendant Schafer is not liable to the plaintiff for this accident. 51 Misc. Rep. 617, 101 N. Y. Supp. 11; Koch v. Fox, 71 App. Div. 288, 75 N. Y. Supp. 913. The judgment should be reversed, and the complaint dismissed, with costs to the appellant. Judgment reversed, with costs.

HERRICK, Respondent, v. PENNSYLVANIA R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 1, 1907.) Action by Earl Herrick against the Pennsylvania Railroad Company.

PER CURIAM. Judgment and orders affirmed, with costs.

SPRING, J., not sitting.